(96 South. 230)

## MONEY et al. v. FIRST NAT. BANK OF NEWVILLE. (4 Div. 55.)

(Supreme Court of Alabama. April 26, 1923.)

1. **Chattel mortgages** ⚖️=219—Mortgagee cannot use note of purchaser from mortgagor and repudiate his sale.

A mortgagee could not receive and use a note of purchaser of mortgaged property, such note being given in addition to other property exchanged, and then repudiate the mortgagor's sale or exchange.

2. **Chattel mortgages** ⚖️=219—Mortgage held to permit trade of property.

A chattel mortgage providing that "this stuff is not to be traded without the contents goes to the N. M. Co." *held* to permit the mortgagor to exchange the property.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Action in detinue by the First National Bank of Newville, Ala., against J. E. Money and Otis Money. Judgment for plaintiff, and defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and rendered.

Lee & Tompkins, of Dothan, for appellants.

The evidence shows that the defendant's notes in part payment for the mules passed to and were received by appellee immediately after the trade. Pennington was the agent of the appellee, and appellee assented to the trade. The judgment should be reversed.

Reid & Doster, of Dothan, for appellee.

The evidence was ore tenus, the trial court saw and heard the witnesses, and his findings will not be disturbed on appeal, unless against the preponderance of the evidence. Hines v. Hammond, 18 Ala. App. 227, 91 South. 323.

SOMERVILLE, J. The action is in detinue by a mortgagee to recover two mules bought by the defendants from the mortgagor after the execution and recordation of the mortgage.

The mules were the property of the Newville Mule Company, of which one Pennington was the managing partner; and Pennington sold them to one Herndon, who executed a note and mortgage in favor of the plaintiff bank, which Pennington delivered to the bank as security for or as payment of said mule company's indebtedness to the bank.

This mortgage was renewed a few weeks later by another mortgage covering these two mules and other personal property, and containing a stipulation, immediately following the description of the mortgaged property, that "this stuff is not to be traded without the contents goes to the Newville Mule Company."

The two questions of decisive importance were whether Pennington acted as the agent of the bank in his dealings with the mortgagor, Herndon, with respect to the mortgage and the mortgaged mules, and whether Herndon was authorized to trade the mules to a purchaser, free from the mortgage incumbrance.

We think the overwhelming weight of the evidence shows that Pennington was acting as the agent of the bank, and that he intended that the mules should be traded off by the mortgagor, and expressly authorized such a course of dealing.

[1] It appears without dispute in the evidence that defendants traded two pony mules to Herndon for the two mules in suit, and gave a note for $75 as "boot"; that this note was turned in to the bank by Pennington, and by the bank collected; and that Herndon traded the pony mules, and eventually turned in the proceeds, or most of it, to Pennington. The bank could not receive and use defendants' note given to Herndon for the purchase money for the mules, and then repudiate Herndon's sale or exchange. Through its agent, Pennington, the bank had notice of the source and character of the note.

[2] But, apart from all of the testimony on this subject, it seems to us that the stipulation in the mortgage itself conclusively shows an express contractual permission to the mortgagor to trade off the mules; the only requirement being that he should turn over the "contents" (evidently meaning the proceeds) to the Newville Mule Company.

Under the evidence, we are constrained to hold that plaintiff was not entitled to recover, and that judgment should have been rendered for defendants.

The cause having been tried without a jury, this court will now reverse the judgment of the trial court and render the proper judgment for defendants; and it is so ordered.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.

⚖️=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes